UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBRA WAHL, on behalf of herself and certain classes, ) ) ) Plaintiff, ) ) v. ) ) MIDLAND CREDIT MANAGEMENT, ) INC., MIDLAND FUNDING NCC-2 ) CORP., and ENCORE CAPITAL ) GROUP, INC., ) Defendants, ) | No. 06 C 1708 Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Barbara Wahl ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendants Midland Credit Management, Inc. ("Defendant MCM"), Midland Funding NCC-2 Corp. ("Defendant MFN"), and Encore Capital Group, Inc. ("Defendant Encore") (collectively "Defendants"), alleging two claims. (R. 1, Compl.) In Count I, Plaintiff alleges that Defendants sent out collection letters containing false statements regarding the breakdown of principal and interest owed by debtors. (*Id.*) In Count II, Plaintiff alleges that Defendants improperly continued their collection activities after Plaintiff hired a lawyer and took steps to dispute the debt. (*Id.*) Presently before the Court are the parties' cross-motions for summary judgment on Count I. (R. 81, Defs.' Mot. for Summ. J.; R. 84, Pl.'s Mot. for Summ. J.) For the following reasons, Plaintiff's motion is denied, and Defendants' motion is granted.

1

# RELEVANT FACTS[1]

Defendant Encore is a publicly traded corporation with its principal offices in San Diego, California. (R. 93, Pl.'s Resp. to Defs.' Facts ¶ 4.) Defendant Encore purchases receivable portfolios consisting primarily of unsecured, defaulted (or "charged-off") consumer credit card accounts. (R. 95, Defs.' Resp. to Pl.'s Facts ¶ 19.) Defendant MFN is a holding company and affiliate of Defendant Encore. (R. 93, Pl.'s Resp. to Defs.' Facts ¶ 6.) Defendant MFN has no employees, as its sole business function is to hold the portfolios of charged-off accounts that it purchases. (*Id.*) Defendant MCM is a wholly owned subsidiary of Defendant Encore. (*Id.* ¶ 4.) Defendant MCM's principal activity involves the collection of debts that are held by indirect subsidiaries of Defendant Encore, such as Defendant MFN. (*Id.* ¶ 5.)

On January 26, 2005, Defendant MFN purchased a charged-off debt that Plaintiff had incurred on a credit card account with BP Amoco. (*Id.* ¶ 9.) On February 3, 2005, Defendant MCM sent Plaintiff a collection letter regarding the BP Amoco debt. (*Id.* ¶ 8.) The letter stated that the current owner of the BP Amoco debt was Defendant MFN, and that Defendant MCM, identified as a "debt collection company," was collecting on the debt. (*Id.* ¶ 9.) The letter further stated that the "Current Balance" of the debt was $1,149.09, and offered Plaintiff a 25 percent discount off this balance if she mailed payment by March 13, 2005. (*Id.* ¶ 10.)

On April 15, 2005, Defendant MCM sent Plaintiff another collection letter regarding the BP Amoco debt. (*Id.* ¶ 15.) The letter listed a "Principal Balance" of $1,149.09, an "Interest Rate" of 5 percent, "Accrued Interest" of $11.48, and a "New Balance" of $1,160.57. (*Id.* ¶ 16;

---

[1] These facts are derived from the parties' statements of facts and exhibits filed in support thereof pursuant to Local Rule 56.1. Unless otherwise indicated, the facts contained herein are undisputed.

R. 1, Compl., Ex. A.) On August 27, 2005, Defendant MCM sent Plaintiff another collection letter indicating that the BP Amoco debt was still outstanding. This letter listed a "Principal Balance" of $1,149.09, an interest rate of 5 percent, "Accrued Interest" of $32.40, and a "New Balance" of $1,181.49. (R. 93, Pl.'s Resp. to Def.'s Facts ¶ 17; R. 1, Compl., Ex. B.) The $1,149.09 "Principal Balance" listed in both of these letters included interest and late fees that had accrued on Plaintiff's credit card account when it was owned by BP Amoco. (R. 95, Defs.' Resp. to Pl.'s Facts ¶ 32.)

## PROCEDURAL HISTORY

On March 28, 2006, Plaintiff filed this action against the Defendants. (R. 1, Compl.) In Count I, Plaintiff alleges that the April 15 and August 27 collection letters contained false statements because they did not properly disclose the interest that had accrued on her account prior to BP Amoco's charge-off of the debt, instead improperly listing these charges as part of the "Principal Balance" that she owed. (*Id.* ¶¶ 45-48.) In Count II, Plaintiff alleges that Defendants violated the FDCPA by improperly continuing collection activities after she hired an attorney and took steps to dispute the validity of the underlying debt. (*Id.* ¶¶ 37-44, 49-53.)

On May 30, 2007, this Court certified the following class pertaining to Count I:

> (a) all individuals in Illinois, (b) to whom defendant MCM sent a letter, (c) seeking to collect a credit card debt, (d) describing as 'principal' an amount other than the outstanding purchases and cash advances on the card or describing as 'interest' an amount less than the outstanding finance charges on the account, or both, (e) which letter was sent on or after March 28, 2005 (one year prior to filing this action) and on or before April 17, 2006 (20 days after filing this action).

*Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 301 (N.D. Ill. 2007). The Court denied

3

Plaintiff's motion to certify a class with respect to Count II, concluding that Plaintiff failed to satisfy the predominance requirement of Federal Rule of Civil Procedure 23(b)(3) with respect to this claim. *Id.* at 300-01. The parties now have filed cross-motions for summary judgment on Count I. (R. 81, Defs.' Mot. for Summ. J.; R. 84, Pl.'s Mot. for Summ. J.)

## LEGAL STANDARDS

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party that is opposing summary judgment may not rest on mere allegations or denials in its pleadings; instead, the nonmoving party must introduce evidence that sets forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Anders v. Waste Mgmt. of Wis., Inc.*, 463 F.3d 670, 675 (7th Cir. 2006).

In deciding a motion for summary judgment, the Court must "construe all facts in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in favor of that party." *King v. Preferred Tech. Group*, 166 F.3d 887, 890 (7th Cir. 1999). When deciding cross-motions for summary judgment, the Court must "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. Amer. Home Assurance Co.*, 400 F.3d 523, 526 (7th Cir. 2005).

## ANALYSIS

The FDCPA is a consumer protection law designed to eliminate abusive debt collection practices. 15 U.S.C. § 1692(e); *Pettit v. Retrieval Masters Creditors Bureau*, 211 F.3d 1057, 1059 (7th Cir. 2000). Pursuant to the FDCPA, the debt collector must send the consumer a written notice containing, among other information, the amount of the debt that is being sought. 15 U.S.C. § 1692g(a). Debt collectors are prohibited from making any false, deceptive, or misleading representations regarding the amount, character, or legal status of the debt owed in their communications with consumers. 15 U.S.C. § 1692e; *Fields v. Wilber Law Firm*, 383 F.3d 562, 566 (7th Cir. 2004). When the Plaintiff's claim is that a statement by a debt collector is false—as opposed to deceptive or misleading—the only determination for the Court is whether the alleged statement is in fact false. *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000). A false statement made by a debt collector in the course of collecting a debt is a *per se* violation of Section 1692e. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *Gearing*, 233 F.3d at 472.

In deciding whether collection letters violate the FDCPA, the Court examines them from the standpoint of an unsophisticated consumer. *Fields*, 383 F.3d at 564. The unsophisticated consumer is considered "uninformed, naive, [and] trusting," *id.*, but possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." *Pettit*, 211 F.3d at 1060.

Here, Plaintiff claims that the April and August collection letters contained a false breakdown of principal and interest owed on her debt. Specifically, Plaintiff alleges: "It is the practice of MCM to describe the balance acquired by [MFN] or other affiliates as the 'principal

5

balance,' when it is not, and to describe the debt as containing a small amount of 'interest,' when in fact much or most of the debt consists of interest." (R. 1, Compl. ¶ 45.) Simply put, Plaintiff takes issue with the fact that the "Principal Balance" listed in the collection letters included interest that had accrued on the debt while it was held by BP Amoco. (R. 86, Pl.'s Mem. in Supp. of Mot. for Summ. J. at 5-9.) In Plaintiff's view, because of these interest charges, Defendants' statements regarding the "Principal Balance" and "Accrued Interest" on the debt were false.[2]

The Court agrees with Defendants that the Seventh Circuit's recent opinion in *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838 (7th Cir. 2007), defeats Plaintiff's claim. *Barnes* involved collection letters sent by a debt collector to collect past-due credit card payments. *Id.* The letters stated that the named credit account had been referred to the defendants for collection, and listed the past-due amount as the "Current Amount Due." *Id.* at 839. The plaintiffs argued that the collection letters were false because they failed to accurately state "the amount of the debt," as required by Section 1692g; in the plaintiffs' view, the "amount of the debt" required to be stated in the collection letter was the consumer's overall credit card balance, not the past-due amount being sought by the debt collector. *Id.* The Seventh Circuit rejected the plaintiffs'

---

[2] To the extent there is any ambiguity in the Complaint, Plaintiff clarifies that her claim is that Defendants' statements regarding principal and interest were false, not that they were misleading. (*See* R. 92, Pl.'s Resp. to Defs.' Mot. for Summ. J. at 7-8.) For this reason, the Court finds Plaintiff's reliance on *Fields* misplaced. (*See id.* at 10-11.) *Fields* involved a misleading collection letter that failed to explain to the consumer that the total amount due included attorneys fees. *Fields*, 383 F.3d at 565-66. The Court is also unpersuaded by Plaintiff's reliance on *Discover Bank v. Owens*, 822 N.E.2d 869 (Ohio Mun. Ct. 2004), a breach of contract case arising under Ohio law, and *Debt Buyers' Ass'n v. Snow*, 481 F. Supp. 2d 1 (D.D.C. 2006), which involved a debt buyer's challenge to the enforcement of an Internal Revenue Service regulation. (*See* R. 86, Pl.'s Mem. in Supp. of Mot. to Dismiss at 7-8.)

interpretation, stating:

> Plaintiffs' argument seems to forget who the defendant is. ACCT [the debt collector], not MBNA [the credit card company], is the collector here, so the 'amount of the debt' must be that owed to the former, meaning the amount past due. Whatever may be owed to MBNA, or for that matter to any of the Plaintiffs' creditors, is of no consequence to this case. . . . Only the past due amount, the amount owed to ACCT, can be the 'amount of the debt' under Section 1692g.

*Barnes*, 493 F.3d at 840. Thus, under *Barnes*, the "amount of the debt" that must be correctly stated under Section 1692e is the amount of the debt being sought by the debt collector, not the amount of the debt owed to the underlying creditor. *Id.*

Here, Plaintiff does not argue that Defendants misrepresented the total amount of the debt they were seeking; in essence, Plaintiff's claim is that Defendants improperly failed to detail the components of the debt charged off by BP Amoco. This presumes, however, that the underlying credit card debt is the "amount of the debt" that must be correctly stated and itemized pursuant to Sections 1692e and 1692g. As stated above, the Seventh Circuit rejected this interpretation in *Barnes*.

Based on *Barnes*, two district courts within this Circuit have rejected claims like Plaintiff's. *See Smith v. First Nat'l Collection Bureau*, No. 06-4742, 2007 WL 4365335 (N.D. Ill. Dec. 10, 2007) (debt collector's statement "Interest: $0.00" was not false even though credit card company had charged debtor interest prior to charge-off of debt); *Humes v. Blatt, Hasenmiller, Liebsker & Moore, LLC*, No. 06-985, 2007 WL 2793398 (S.D. Ind. Sept. 26, 2007) (debt collector did not violate Section 1692e by listing credit card debt as "principal amount," even though that amount included interest and fees charged by credit card company prior to

charge-off of debt). In both cases the courts reasoned that, under *Barnes*, the FDCPA does not require debt collectors to provide a breakdown of the principal and interest owed on the consumer's underlying credit card debt. The Court finds the analysis of these courts persuasive. Indeed, accepting the interpretation urged by Plaintiff would have an unintended corollary: If the term "amount of the debt" were interpreted to mean the consumer's charged-off credit card debt, then a collection letter that failed to state the total amount being sought by the debt collector (which might include additional amounts for collection fees or similar charges) would be in compliance with Section 1692g. As the Seventh Circuit recognized, "[s]uch a reading of the statute would defeat the provision's very purpose." *Barnes*, 493 F.3d at 839.

For these reasons, Plaintiff has failed to establish that the April and August collection letters contained false statements in violation of the FDCPA. Because Plaintiff has failed to establish that the letters violated the FDCPA, the Court need not reach the issue of whether Defendants Encore and MFN are "debt collectors" within the meaning of Section 1692a(6).[3] (*See* R. 86, Pl.'s Mem. in Supp. of Mot. for Summ. J. at 9-13; R. 83, Defs.' Mem. in Supp. of Mot. for Summ. J. at 13-15.)

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (R. 81) is granted, and Plaintiff's Motion for Summary Judgment (R. 84) is denied. Judgment is entered in favor of Defendants as to Count I.

---

[3] The Court will revisit this issue should it become necessary to do so in the context of resolving Count II.

8

The parties are directed to reconsider their respective settlement positions in light of this opinion and to exhaust all settlement possibilities for this dispute. The Court will hold a status hearing in this matter on **February 5, 2008**, at **9:45 a.m.**, at which time the parties should be prepared to report on the status of settlement discussions.

ENTERED:

Ruben Castillo
United States District Judge

Dated: **January 10, 2008**